UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COMPANA, LLC,

        Plaintiff,

    v.

AETNA, INC.,

        Defendant.

Case No. C05-0277L

ORDER REGARDING
MOTION FOR SANCTIONS

## I. INTRODUCTION

This matter comes before the Court on Compana, LLC's ("Compana") motion for sanctions against defendant Aetna, Inc. ("Aetna").[1] (Dkt. #27). Compana argues that Aetna filed a baseless motion for a temporary restraining order that lacked legal and evidentiary support. Compana also argues that Aetna filed its motion on an emergency basis, though no emergency existed, for the purpose of harassing Compana.

---

[1] Plaintiff requested oral argument; the Court, however, finds that disposition of this motion without oral argument is appropriate.

ORDER REGARDING
MOTION FOR SANCTIONS- 1

## II.  DISCUSSION

**A.   Factual Background.**

Because this is the first substantive order the Court has issued regarding the motion for a TRO, a brief recitation of the procedural and factual background is appropriate.  Compana is accredited by the International Corporation for the Assignment of Names and Numbers ("ICANN") as a registrar of domain names.  Registrars assign domain names to, and accept registration from, third party registrants.  Under ICANN rules, domain registrars are required to submit disputes to ICANN's dispute resolution program, which includes mandatory arbitration through, among others, the National Arbitration Forum ("NAF").  Aetna initiated proceedings under the ICANN rules against Compana for its registration and use of the domain name "docfind.com."  In a decision dated November 20, 2004, the NAF found that the domain name "docfind.com" infringed on Aetna's "docfind" mark and that Compana had registered the name in bad faith. Shortly after the NAF issued its decision, Aetna discovered that multiple domain names "which were identical or confusingly similar" to Aetna's domain names had been registered through Compana (the "Disputed Domain Names" or the "DDN").  The Disputed Domain Names include, for example, "aetnal.com," but do not include the disputed "docfind.com" name.  All of the DDN were registered by Compana between November 27, 2004 and February 19, 2005, shortly after the NAF decision was issued.

On December 10, 2004, Compana filed an action in state court seeking a declaration that it was entitled to use the domain name "docfind.com."  Aetna promptly removed the case to this Court.

On March 14, 2005, counsel for Aetna delivered to Compana via overnight mail a copy of its motion for a temporary restraining order and preliminary injunction against

ORDER REGARDING
MOTION FOR SANCTIONS- 2

Compana (Dkt. #6, the "Motion"). Compana's counsel called Aetna's counsel, learned that Aetna had not yet filed its motion, and explained that none of the DDN were registered to Compana. Rather, Compana registered the names for Manila Industries, Inc. ("Manila"). Counsel explained that Compana served as a domain name registrar, not the registrant, regarding the DDN. Counsel suggested that Aetna's counsel call Manila's counsel, Rajiv Jain. Mr. Jain explained to Aetna's counsel that Manila, and not Compana, was the registrant of the Disputed Domain Names and that the two entities were separate companies. Mr. Jain also explained that if there were any question of trademark infringement regarding Manila's use or registration of the Disputed Domain Names, Manila would transfer them to Aetna. Nevertheless, Aetna proceeded to file the Motion on the afternoon of March 15, 2005.

Aetna based the Motion on two of its counterclaims: 1) the Federal Anti-Cybersquatting Consumer Protection Act (the "ACPA") and 2) the Federal Anti-Dilution Act. Aetna sought a temporary restraining order prohibiting Compana from:

    (1)    Continuing to register, for itself or any other person, multiple domain names containing misspellings of domain names registered by Aetna, its predecessor or subsidiaries;

    (2)    Continuing to register multiple domain names that contain the word "Aetna;"

    (3)    Transferring any domain names containing the term "Aetna," or misspellings of the same to other entities;

    (4)    Initiating any other legal proceedings concerning the subject matter of this dispute except as authorized by this Court; and

    (5)    Compelling Compana to identify the entities on behalf of whom it has registered domain names containing the word "Aetna," and/or to which it has already transferred any of the domain names in dispute, and to identify its ownership interest in any of those entities.

(Motion at 1-2).

ORDER REGARDING
MOTION FOR SANCTIONS- 3

1    Aetna argued in the Motion that Compana improperly registered the Disputed
2 Domain Names.  Compana's domain name, the Disputed Domain Names, and Manila's
3 domain name all redirect customers to searchguide.com, which, Aetna alleged,
4 improperly does the following: 1) misleadingly advertises that it operates as a "meta-
5 search" engine when it does not, 2) posts links to websites that offer services related to
6 those which Aetna provides, and 3) purports to contain links to Aetna websites, but that,
7 in fact, direct users to other, non-Aetna sites.  The registrants/owners of the Disputed
8 Domain Names are Manila and Spam Free Registration Service.  Both entities used
9 Compana as their domain name registrar.  In responding to the Motion, Compana argued
10 that it was not the proper defendant under Aetna's counterclaims because it was not the
11 owner or user of the Disputed Domain Names; rather, it was merely the registrar of those
12 names.
13    On March 20, 2005, Aetna filed a memorandum stating, "The content of the
14 offending websites has been removed from the web pages associated with the Domain
15 Names in Dispute.  Manila Industries has orally agreed to transfer the Disputed Domain
16 Names to Aetna.  In light of these facts, Aetna [requests] that its motion for a temporary
17 restraining order be postponed until on or after March 29, 2005."  (Dkt. #20).  Based on
18 that representation, the Court struck the Motion as moot.  (Dkt. #25).

19 **B.    Request for Sanctions.**

20    Pursuant to Fed. R. Civ. P. 11, sanctions may be imposed if the complaint is either
21 (1) not well grounded in fact and warranted by existing law (or a good faith extension of
22 the law); or (2) made for any improper purpose.  See, e.g., Golden Eagle Distrib. Corp. v.
23 Burroughs Corp., 809 F.2d 584, 586 (9th Cir. 1987).

24    First, Compana argues that the fact that Aetna filed the Motion on an emergency

25

26 ORDER REGARDING
MOTION FOR SANCTIONS- 4

basis, even though no real emergency existed, shows that its true purpose was to harass Compana. Compana notes that Aetna's counsel began preparing the Motion over a month before she filed it, yet gave Compana no time to respond, forcing Compana to expend large sums on legal fees to respond quickly. Compana, however, does not dispute that Aetna's mark is famous and distinctive, nor does it dispute that the Disputed Domain Names are identical and/or confusingly similar. The Court finds that Aetna filed the Motion to protect its marks, rather than to harass Compana.

Next, Compana argues that the Motion lacked factual or legal support. Compana contends that Aetna misunderstood the fact that Compana was merely the registrar, not the registrant, of the Disputed Domain Names, and as such, it was not liable for any offending use. This claim also does not warrant sanctions under Rule 11. Even if Compana functioned solely as the registrar, under the ACPA, registrars can be held liable for "bad faith intent to profit from" a registered mark if it also traffics in or uses the mark. 15 U.S.C. § 1114. The case law interpreting this provision is scant. Moreover, although Aetna presented no direct evidence that Compana registered the DDN for its own use, it presented the following circumstantial evidence that Compana was registering the names for its own use and acting in concert with the registrants: the DDN were registered shortly after the NAF decision; Manila did not exist until January 2005, after some of the names were registered; before Manila incorporated, the DDN were registered by Spam Free Registration Services, the registered owner of searchguide.com; the DDN, Manila's, and Compana's domain name all link to searchguide.com; and virtually no information exists about Manila or Spam Free Registration Service, which suggests they might be shams. Although these facts would not have warranted injunctive relief against Compana, the evidence is sufficient to defeat a motion for sanctions. Furthermore, Aetna was not

required to blindly accept the denials from Compana and Manila. Fed. R. Civ. P. 11(b)(3) (attorney presenting filing to the court certifies that "the allegations and other factual contentions have evidentiary support, or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery"). Aetna's reluctance to accept Compana's denials is certainly understandable in light of its very recent arbitration experience, in which the Panel found that Compana engaged in bad faith use of Aetna's mark, Compana refused to accept responsibility for its actions, and continued to use the mark after the adverse award.

Compana's strongest argument in favor of the imposition of sanctions is the fact that Manila's counsel informed Aetna's counsel that if there were any question of trademark infringement regarding Manila's registration or use of the DDN, it would transfer them to Aetna. Declaration of Rajiv Jain at ¶ 6. Despite the offer, Aetna filed its motion later that same day. However, Aetna was not required to assume Manila would fulfill its promise, especially in light of the numerous other allegations that Manila and Compana have improperly violated others' marks. Furthermore, the Motion sought to enjoin *future* improper registrations and transfers; neither Manila nor Compana promised to refrain from any future improprieties. Aetna also promptly notified the Court once the offending content had been removed and Manila agreed to transfer the DDN. Although the Court finds that Aetna's conduct did not violate Rule 11, the issue is a close call. In light of the evidence that Aetna's counsel began preparing its motion significantly before it filed it, in the future, Aetna is strongly advised to pursue informal resolution between the parties prior to seeking emergency relief from the Court.

Finally, Compana urges the Court to impose sanctions based on Aetna's on-going violation of the Court's rules, as evidenced in part by Aetna's day-late filing of its

ORDER REGARDING
MOTION FOR SANCTIONS- 6

1  opposition.[2]  However, Compana's own improper motions practice undermines its
2  argument for sanctions.  In this motion and the motion for TRO, both parties filed
3  improper[3] and needless sur-replies in an attempt to get the last word.  In fact, regarding
4  the Motion, the parties each filed *two* sur-replies, ultimately filing a total of seven
5  memoranda rather than the usual three.[4]  That practice violated the Local Rules,
6  needlessly prolonged consideration of the motion, and wasted judicial resources.  Both
7  parties are expected to comply with the Local Rules regarding sur-replies and are
8  admonished that the Court will not tolerate any additional unauthorized filings.

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES Compana's motion for sanctions (Dkt. #27).

DATED this 17th day of June, 2005.

*MWS Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] Compana also requests that Aetna's untimely opposition be stricken.  The Court declines to do so because Compana was able to file its reply on time and does not appear to have been prejudiced.  However, any additional late filings in this case may be stricken.

[3] A sur-reply, limited to three pages, is permitted by the Local Rules only to request that the court strike material contained in a reply memorandum; no response to the sur-reply is permitted unless requested by the court.  LR 7(g).

[4] Aetna styled one of its sur-replies as a second reply in support of its motion.

ORDER REGARDING
MOTION FOR SANCTIONS- 7