UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COMPANA, LLC,

    Plaintiff,

    v.

AETNA, INC.,

    Defendant.

Case No. C05-0277L

ORDER DENYING MOTION
FOR EXTENSION OF TIME

## I. INTRODUCTION

This matter comes before the Court on a motion for relief from deadline filed by defendant Aetna, Inc. ("Aetna"). (Dkt. #49). On December 30, 2005, Aetna filed a motion to compel discovery from plaintiff Compana, LLC. (Dkt. #46). December 30, 2005 was the deadline for *noting* discovery motions. On January 17, 2006, Aetna filed a motion for an extension to have its late discovery motion heard. Because Aetna has not shown good cause for failing to comply with the Court's deadlines, the Court denies both the motion for an extension and the motion to compel.

## II. DISCUSSION

**A.     Background Facts.**

According to the Court's Minute Order Setting Trial and Related Dates issued on

ORDER DENYING MOTION
FOR EXTENSION OF TIME- 1

June 28, 2005 (the "Scheduling Order"), discovery was to be completed by January 1, 2006. (Dkt. #42). All motions related to discovery had to be noted on the motion calendar no later than December 30, 2005.

Aetna conducted no discovery prior to the January 1, 2006 discovery deadline. On December 16, 2005, while Aetna's counsel was discussing a stipulation in another case with Compana's counsel, Aetna's counsel requested an extension of the discovery deadline in this case. Compana's counsel said he would call back. Aetna's counsel reiterated the request in a December 22, 2005 e-mail, but did not receive a response. Compana's counsel stated during a December 27, 2005 telephone call that Compana would not agree to an extension. Thereafter, Aetna's counsel sent the following deposition notices:

- December 27, 2005: sent a Rule 30(b)(6) notice of deposition, listing 12 topics, for a deposition on January 1, 2006 in Seattle;
- December 27, 2005: sent a notice of deposition to Munish Krishan and Manila Enterprises, Inc. for January 1, 2006 in Seattle;
- December 28, 2005: sent a subpoena to Munish Krishan and Manila Enterprises, Inc. to allow the inspection of documents on January 1, 2006 in San Juan Capistrano, California; and
- December 28, 2005: sent a notice of deposition to Rajiv Jain for January 1, 2006 in Seattle.

Aetna's counsel also sent an e-mail on December 27 referencing the deposition notices, and called Compana's counsel on December 29 and 30 to discuss the deposition notices and to schedule a time to inspect Compana's Rule 26(a) disclosures. Compana's counsel returned Aetna's counsel's call at 1:00 p.m. on December 30, 2005, but was

ORDER DENYING MOTION
FOR EXTENSION OF TIME- 2

1  informed that Aetna's counsel was on another call.[1]  Believing his calls had not been
2  returned, Aetna's counsel filed a motion to compel on December 30, 2005.  Compana
3  served its written objections to the deposition notices on December 30, 2005.  Aetna
4  served a document subpoena for Bruce McDonald on January 3, 2006 commanding him
5  to appear at 11:00 p.m. on January 3, 2006 at his offices in Washington, D.C. to allow the
6  inspection of documents.

7  **B.     Analysis.**

8  The Scheduling Order states, "The Court will alter these dates only upon good
9  cause shown: failure to complete discovery within the time allowed is not recognized as
10 good cause." (Dkt. #42 at p. 2).  Furthermore, Fed. R. Civ. P. 6(b) provides for an
11 extension of a deadline "upon motion made after the expiration of the specified period . .
12 . where the failure to act was the result of excusable neglect."

13 Aetna offers the following explanation for its failure to comply with the deadline
14 for filing discovery motions: "There is good cause for the motion, because the discovery
15 dispute ripened when plaintiff Compana ultimately expressed its intentions *after* the close
16 of business on Friday before the close of discovery."  Aetna's Motion for Extension at
17 p. 1 (emphasis in original).  Aetna's claim that the discovery dispute only "ripened" after
18 the deadline to file discovery motions had passed is untenable.  The dispute ripened late
19 because Aetna's efforts at discovery were late.  In order to meet the December 30

---

21  [1] See Amended Declaration in Support of Motion to Compel (Dkt. #59).  Aetna's
22  counsel filed a declaration in support of the motion to compel on December 30, 2005
    stating that Compana's counsel did not return his call on December 30.  (Dkt. #46 at p.
23  3).  Although Aetna's counsel was informed by his assistant on December 30, after he
    signed his declaration, that Compana's counsel had returned the call, Aetna's counsel did
24  not alert the Court of the misstatement until he filed his amended declaration on January
    31, 2006 in support of a motion for default.
25

26 ORDER DENYING MOTION
   FOR EXTENSION OF TIME- 3

deadline, the parties were required to file their discovery motions by December 20, 2005. As of that date, Aetna had done nothing more than inquire whether Compana would agree to a discovery extension. It had not conducted any discovery, served any discovery requests, or even proposed any discovery. It does not allege that its belated discovery efforts were necessitated by any surprise from Compana. Instead, Aetna apparently made an unfounded assumption that Compana would agree to its eleventh hour request for an extension. That erroneous and belated assumption does not constitute good cause.[2] Accordingly, Aetna's motion for an extension is denied.

Because the Court has denied Aetna's request to extend the deadline to file its discovery motion, its underlying motion to compel is denied as untimely. Even if it had been timely, it would be denied for at least three reasons. First, Aetna did not comply with the express requirements of Local Rule 37, which is a prerequisite to filing a motion to compel. Nor has Aetna shown that Compana willfully refused to confer. Aetna did not even inform Compana that it was considering a motion to compel. It simply filed its motion before Compana objected to the deposition notices.

Second, Aetna's motion to compel seeks permission to conduct several depositions after the discovery cutoff, but it has not shown good cause for its failure to comply with the discovery deadline. Instead, it failed to conduct discovery within the time allotted, which is not good cause for an extension. Third, although Aetna's motion to compel focuses primarily on Compana's alleged failure to provide initial disclosures, Aetna has not explained why it failed to follow up on those disclosures between the May 19, 2005

---

[2] Aetna's filings also imply that earlier in the case, it made a strategic choice not to conduct discovery, and to rely on documents in other matters involving Compana. A change in strategy, however, is not good cause for failing to conduct discovery in a timely manner.

ORDER DENYING MOTION
FOR EXTENSION OF TIME- 4

1 disclosure deadline and its December 27, 2005 e-mail requesting to review the
2 documents.  Fourth, although Aetna noted four of the five depositions before the
3 discovery deadline, albeit on the last day, it failed to give reasonable notice of the
4 depositions.  It served several deposition notices on two and three business days notice
5 during the week between Christmas and New Year's when many offices are closed and
6 people are on vacation.  Even more egregiously, Aetna noted all of the depositions for the
7 same day, a Sunday/New Year's day, to occur in two different states.  Although the
8 notices suggested that the depositions could be rescheduled to a mutually convenient
9 time, doing so would have pushed them beyond the discovery deadline.  Under these
10 circumstances, the deposition notices were patently unreasonable.

11     Finally, Compana filed a surreply requesting that the Court strike the
12 approximately 600 pages of documents Aetna submitted for the first time with its reply
13 memorandum.  The Court strikes those documents as improperly filed.

14 **III.  CONCLUSION**

15     For all of the foregoing reasons, the Court DENIES Aetna's motion for relief from
16 deadline (Dkt. #49) and DENIES Aetna's motion to compel (Dkt. #46).

17

18     DATED this 9th day of February, 2006.

19

20                                 /s/ Robert S. Lasnik
21                               Robert S. Lasnik
                              United States District Judge

22

23

24

25

26 ORDER DENYING MOTION FOR EXTENSION OF TIME- 5