UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COMPANA, LLC,

    Plaintiff,

  v.

AETNA, INC.,

    Defendant.

Case No. C05-0277L

ORDER DENYING
MOTION FOR DEFAULT

This matter comes before the Court on a motion for default filed by defendant Aetna, Inc. ("Aetna"). (Dkt. #59).

Pursuant to Fed. R. Civ. P. 55(a), a party is entitled to a default if the other party has "failed to plead or otherwise defend." In this case, Compana has filed its complaint and has answered Aetna's counterclaims, so it has not failed to plead or otherwise defend. Aetna also argues that default should be entered in this case as a discovery sanction for two reasons. First, it argues that Compana has failed to comply with the discovery "cooperation requirements" in this Court's prior order and Fed. R. Civ. P. 26(f). Aetna's Motion at p. 1. The Court rejected that argument, however, when it denied Aetna's motions to compel discovery and for relief from the deadline for filing discovery motions.

ORDER DENYING
MOTION FOR DEFAULT - 1

1  Second, Aetna argues that default should be imposed as a sanction for Compana's failure
2  to comply with Fed. R. Civ. P. 26(a).  Compana served its initial disclosures in May
3  2005.  Amended Declaration to Support Motion to Compel (Dkt. #59) at p. 1.  Aetna
4  alleges that Compana failed to provide a calculation of its actual and consequential
5  damages or to provide a copy of any applicable insurance agreement.  Id. at p. 2.
6  Pursuant to Fed. R. Civ. P. 37(a)(2)(A), any motion to compel Rule 26(a) disclosures
7  "must include a certification that the movant has in good faith conferred or attempted to
8  confer with the party not making the disclosure in an effort to secure the disclosure
9  without court action."  As the Court explained when it denied Aetna's motion to compel,
10 Aetna did not confer with Compana in good faith prior to moving to compel discovery.
11 Even though Aetna did not confer as required,[1] and even though the Court denied its
12 motion to compel, Aetna now moves for the extraordinary sanction of default for
13 Compana's alleged failure to provide complete initial disclosures.  These facts plainly do
14 not warrant a default.
15       Finally, Aetna also requests default on the basis that Compana lacks evidence to
16 support its claims.  That argument, however, should have been presented in a dispositive
17 motion prior to the January 31, 2006 deadline.

---

[1] Aetna's efforts regarding the allegedly incomplete initial disclosures include (1) requests in August 2005 and on December 27, 2005 to review the initial disclosure documents, (2) a December 29, 2005 voicemail message from Aetna's counsel to Compana's counsel stating, "Since you did not call me at 1:00 p.m. as we discussed earlier this morning, I assume there were no CR 26(a) documents to inspect.  Please give me a call tomorrow . . . concerning the status of the documents."  Amended Declaration to Support Motion to Compel (Dkt. #59) at p. 3.  Compana's counsel returned the call the next day.  Aetna has not informed the Court of what, if any, communications occurred after that time.

ORDER DENYING
MOTION FOR DEFAULT - 2

1  For all of the foregoing reasons, the Court DENIES Aetna's motion for default
2  (Dkt. #59).

4  DATED this 28th day of February, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING
MOTION FOR DEFAULT - 3