UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COMPANA, LLC,

    Plaintiff,

  v.

AETNA, INC.,

    Defendant.

Case No. C05-0277RSL

ORDER GRANTING IN PART AND DENYING IN PART MOTIONS *IN LIMINE*

## I. INTRODUCTION

This matter comes before the Court on a motion *in limine* filed by defendant Aetna, Inc. ("Aetna") (Dkt. #70) and on a motion *in limine* filed by plaintiff Compana, LLC ("Compana") (Dkt. #73). Both Aetna and Compana seek orders precluding the other party from offering documents at trial that it did not disclose in its initial disclosures or that it belatedly disclosed. Aetna also seeks an order stating that prior and subsequent arbitration and administrative awards involving Compana are admissible and have preclusive effect. Compana seeks to exclude those decisions are irrelevant and prejudicial.

For the reasons set forth below, the Court grants in part and denies in part the

ORDER REGARDING
MOTIONS *IN LIMINE* - 1

parties' motions *in limine*. The Court also notes that the findings and conclusions in this order, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. See, e.g., Luce v. United States, 469 U.S. 38, 41 (1984) (explaining that a ruling *in limine* "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). Subject to these principles, the Court issues this ruling for the guidance of the parties.

## II.  DISCUSSION

**A.    Exclusion of All of Compana's Documents and Tangible Things.**

Aetna seeks to exclude all documents and tangible evidence that Compana might seek to introduce at trial for two reasons. First, Aetna argues that Compana failed to produce any mandatory disclosures pursuant to Fed. R. Civ. P. 26(a). The issue of the scope and admissibility of documents disclosed through mandatory disclosures is important in this case because neither party conducted any discovery. Aetna argues that Compana promised to make its documents available for review at defense counsel's office but has not done so. The record shows, however, that Aetna did not follow up on its August 2005 request to review the documents until December 27, 2005, during the holiday season and three business days before discovery closed. Moreover, Aetna never propounded any written discovery requests or filed a timely motion to compel. Instead, it now seeks the most severe sanction, exclusion of all evidence, without pursuing other methods for obtaining the documents. Finally, Aetna has also been dilatory in providing its initial disclosures, stating in its motion *in limine* that it plans to further supplement its disclosures at this late date. For these reasons, the Court finds that the sanction of

ORDER REGARDING
MOTIONS *IN LIMINE* - 2

exclusion is not warranted.[1]

Second, Aetna argues that "Compana should be precluded from providing any testimony about transactions or agreements when the best evidence is the 'documents' and 'data compilations.'" Aetna's Motion at p. 2.  Aetna argues that Compana was required by ICANN rules to maintain documents regarding registration transactions, and "should not be permitted to perpetrate a fraud by offering parol evidence" instead of the documents.  Id.  However, Aetna apparently knew that Compana was required to maintain records of its transactions but never requested those documents in discovery.  As for the reliability issue, the best evidence rule provides that the original of a "writing, recording, or photograph" is required to prove the contents thereof.  Fed. R. Evid. 1002.  When the rule applies, the proponent of the evidence must produce the original, or in some cases a duplicate, or explain the original's absence.  Fed. R. Evid. 1002, 1004.  The rule applies "when a witness seeks to testify about the contents of a writing, recording or photograph without producing the physical item itself – particularly when the witness was not privy to the events those contents describe."  United States v. Bennett, 363 F.3d 947, 953 (9th Cir. 2004).  At this point, Aetna's request is somewhat premature because it is unclear what, if any, testimony Compana might offer without the underlying documents.  For the guidance of the parties, the Court notes that Compana cannot offer testimony describing the contents of writings, including its contracts and its registration

---

[1] Aetna also alleges that Compana has not provided its damages calculation or a copy of its insurance agreement as required by Fed. R. Civ. P. 26.  Compana stated in its initial disclosures that it was seeking an amount of actual and consequential damages to be determined at trial, and that all documents relating to damages would be available for inspection.  Because Aetna never reviewed Compana's initial disclosure documents, it is unknown whether a copy of the insurance agreement or documents related to damages were among those documents.

ORDER REGARDING
MOTIONS *IN LIMINE* - 3

1 transactions, to prove the contents of those writings unless it produces the original
2 documents, explains their absence, or otherwise complies with the evidence rules.

**B.     Exclusion of Aetna's Supplemental Initial Disclosures.**

Compana seeks to exclude two of Aetna's witnesses[2] and documents related to other proceedings because Aetna belatedly disclosed the information in its supplemental initial disclosures, served on January 3, 2006, after the January 1, 2006 discovery cutoff date. Compana argues that Aetna's late disclosure was strategic. However, Aetna's belated request to review Compana's initial disclosures on December 27, 2005, followed by its flurry of deposition notices, suggests that its late disclosure was the result of a failure to focus on the case in a timely manner rather than strategic behavior. Moreover, based on Aetna's representations throughout this case, Compana cannot claim surprise that Aetna seeks to introduce documents from other proceedings. Furthermore, although Compana argues that it never had an opportunity to depose the two witnesses or conduct discovery about them, Compana never sought to reopen discovery for that limited purpose. Instead, like Aetna, Compana now seeks the most severe sanction, exclusion of the evidence. The Court will not exclude the evidence as a sanction.

**C.     Other Proceedings Involving Compana.**

Aetna seeks to introduce a variety of documents from legal proceedings involving Compana and parties unrelated to Aetna (the "other proceedings").

**1.     Consent Judgments.**

In cases involving Walgreen Co. and Transamerica, Compana entered into consent

---

[2] Compana seeks to exclude the testimony of Robert Flores, a private investigator, as irrelevant. The Court finds that Mr. Flores' anticipated testimony regarding the relationship among Manilla, Mr. Krishan and Compana is relevant.

ORDER REGARDING
MOTIONS *IN LIMINE* - 4

judgments to resolve the matters. When the Court considered Compana's motion for summary judgment, it rejected Aetna's argument that the judgments were relevant and admissible as admissions. Now, Aetna argues that the judgments show "continued public impact and unfair and deceptive practices." Aetna's Motion at p. 3. The consent judgments, however, do not contain findings of wrongdoing, and Compana denied liability. Aetna also argues that in the judgments, Compana agreed to "screen out infringing names," but now claims to lack that capability. However, the consent judgment in Walgreen Co. is devoid of any agreement to screen. Aetna's Motion at Attachment D-2. In the Transamerica judgment, Compana agreed to an injunction prohibiting it from registering or acquiring any interest in a mark similar to Transamerica's; however, the agreement also stated that Compana would have thirty days to rectify inadvertent violations *after notice from plaintiff.* Aetna's Motion at Attachment D-1. It is therefore unclear whether Compana promised an ability to screen proactively or to remedy the situation following notice from plaintiff. Accordingly, Aetna's relevance argument fails and the Court will not admit the consent judgments unless Compana raises the issue.

**2.     Reply to Counterclaims in Ondova Limited Co. v. Rolfing Sports, Inc.**

Aetna seeks to introduce Compana's reply to defendant's counterclaims in Ondova Limited Compana d/b/a Compana LLC v. Rolfing Sports, Inc. Aetna's Motion at Attachment A. Because Compana responded as "Ondova Limited Company, d/b/a Compana LLC," the document is relevant to Aetna's contentions regarding Compana's business model and relationship with infringing entities. Moreover, the Court takes judicial notice of the document as part of the public record, and finds it admissible as party admissions.

ORDER REGARDING
MOTIONS *IN LIMINE* - 5

### 3. The Docfind Decision and Prior Proceedings.

Compana seeks to exclude the decision issued by the National Arbitration Forum ("NAF") in the dispute between Compana and Aetna. In a decision dated November 20, 2004, the NAF found that the domain name "docfind.com" infringed on Aetna's "docfind" mark and that Compana had registered the name in bad faith (the "docfind decision"). Aetna's Motion at Attachment C-1. Compana subsequently filed this action. Compana also seeks to exclude decisions from the NAF and the World Intellectual Property Organization ("WIPO") involving Compana and other parties. In this section, the Court considers the docfind decision and the proceedings that occurred before it, including the Eurial Poitouraine decision and the PerkinElmer Life Sciences, Inc. decision.

Compana argues that the docfind decision and the other proceedings are irrelevant in this proceeding. The allegations and the findings from the NAF and WIPO decisions are not relevant or admissible to show that Compana engaged in the wrongdoing alleged in this case. Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith"). The docfind decision, however, is relevant to provide factual context to this proceeding, the relationship between Compana and Manilla, and to Aetna's argument that Compana, through third parties, registered the Disputed Domain Names shortly after the adverse finding. The other proceedings are also relevant to Aetna's argument that Compana's business model has changed over time. Aetna argues that after the adverse findings in the other proceedings, Compana began registering names through a third party rather than doing so directly. The other proceedings are also relevant to show Compana's knowledge of the relevant law, bad faith, and modus operandi. One of the factors to

1 determine bad faith under the ACPA is a person's offer to transfer domain names for
2 financial gain "without having used, or having an intent to use, the domain name in the
3 bona fide offering of any goods or services, or the person's prior conduct indicating a
4 pattern of such conduct." 15 U.S.C. § 1125(d)(1)(B)(VI); see also 15 U.S.C.
5 § 1125(d)(1)(B)(i)(VIII) (in determining bad faith, courts can consider "the person's
6 registration or acquisition of multiple domain names that the person knows are identical
7 or confusingly similar to the distinctive marks of others or are dilutive of the famous
8 marks of others"); Northern Light Tech. v. Northern Lights Club, 236 F.3d 57, 65 (1st
9 Cir. 2001) (explaining that although defendants' "multiple registrations alone are not
10 dispositive of the bad-faith issue, their well-established pattern of registering multiple
11 domain names containing famous trademarks . . . has been made highly relevant to the
12 determination of bad faith by the list of factors in ACPA").

13       Compana argues that the docfind decision and the other proceedings are
14 inadmissible hearsay. The Court, however, can take judicial notice of the undisputed
15 facts that the decisions were issued and that the findings therein were the findings of the
16 NAF or WIPO. Fed. R. Evid. 201(b); see, e.g., Biggs v. Terhune, 334 F.3d 910, 916 n.3
17 (9th Cir. 2003) (taking judicial notice of proceedings before the Board of Prison Terms;
18 "materials from a proceeding in another tribunal are appropriate for judicial notice"). The
19 Court will not, however, take judicial notice of the truth of the findings of fact.
20 Furthermore, the Court will not apply preclusive effect to the findings in the NAF and
21 WIPO proceedings because those proceedings involved different issues and review in this
22 Court is *de novo*. See, e.g., Barcelona.com, Inc. v. Excelentisimo Ayuntamiento de
23 Barcelona, 330 F.3d 617, 626 (4th Cir. 2003) (noting that WIPO decision was not entitled
24 to deference in federal court proceeding; review was *de novo*); Eurotech, Inc. v. Cosmos

25

26 ORDER REGARDING
MOTIONS *IN LIMINE* - 7

1  European Travels Aktiengesellschaft, 213 F. Supp.2d 612, 617 n.10 (E.D. Va. 2002) (in
2  considering motions for summary judgment, the court evaluated UDRP decision and
3  findings but noted that the decision was not admissible on the merits of the liability
4  issues).

5       Compana also argues that the WIPO and NAF panels are biased in favor of
6  complainants.  Compana has not shown that the decisions should be excluded based on
7  bias, and it appears that the proceedings comported with due process.  Compana can
8  attempt to show at trial that the decisions are entitled to less weight.

9       Finally, Compana argues that the other decisions are unfairly prejudicial.  Unfair
10  prejudice is "the possibility that the evidence will excite the jury to make a decision on
11  the basis of a factor unrelated to the issues properly before it."  Heyne v. Caruso, 69 F.3d
12  1475, 1481 (9th Cir. 1995) (internal citation and quotation omitted).  Compana's
13  professed prejudice by the docfind decision is unpersuasive in light of the fact that it
14  stated its intention to rely on the decision in its initial disclosures.  The Court also finds
15  that although the decisions are unfavorable to Compana, they are not unfairly prejudicial.
16  The Court can limit the prejudice by giving limiting instructions, including instructing the
17  jury that they should not assume the truth of the findings in the decisions or assume that
18  Compana acted in the same way here.

19      **4.   Subsequent Decisions Involving Other Parties.**

20       Aetna also seeks to admit numerous decisions and other documents drafted after
21  the docfind decision was issued, including documents from the Walgreen Co. and
22  Transamerica litigation as well as NAF and WIPO decisions involving other
23  complainants.  Unlike the prior decisions, the subsequent decisions are not relevant to
24  Compana's knowledge of the law or its changing business model before the docfind

25

26  ORDER REGARDING
MOTIONS *IN LIMINE* - 8

decision.  Aetna also argues that the subsequent decisions are relevant to show continued public impact.  Aetna's Consumer Protection Act claim, however, depends on the effects of its actions related to the domain names at issue in this proceeding.  Although warehousing of domain names is relevant to the bad faith determination, Compana's prior conduct is more relevant to that issue.  See 15 U.S.C. § 1125(d)(1)(B)(VI) (emphasis added) (in determining bad faith under the ACPA, a court can consider a "person's *prior conduct indicating a pattern of such conduct*").  The minimal relevance of the subsequent proceedings is outweighed by the substantial likelihood of unfair prejudice.[3]  Therefore, the Court will exclude documents from the subsequent proceedings and exclude any witnesses from testifying about subsequent unrelated proceedings.

### 5.   **Compana's Surreply and Request to Strike.**

Compana filed a surreply requesting that the Court strike the Declaration of David Spellman in support of Aetna's reply (Dkt. #81, the "Declaration").  Attached to the Declaration are two charts compiled by counsel as "a proffer of proof relating to the UDRP decisions and other court pleadings" related to the motions in limine.  Declaration at p. 1.  The charts include information regarding the other proceedings, including the case name, deciding body, the orders/pleadings sought to be admitted, and a short explanation of their potential relevance.  Counsel offers no explanation of why he did not include the charts with Aetna's motion.  A moving party may not submit new evidence in a reply.  See, e.g., Nautilus Group, Inc. v. Icon Health & Fitness, Inc., 308 F. Supp. 2d 1208, 1214 (W.D. Wash. 2003).  Furthermore, the chart includes case-specific relevance

---

[3] In considering Compana's motion for summary judgment, the Court considered the decisions in the Fiorucci Furniture and Bendon Ltd. proceedings for the limited purpose of evaluating the issue of bad faith.  Although those decisions were not unfairly prejudicial in the context of ruling on the motion, they are in the context of a jury trial.

ORDER REGARDING
MOTIONS *IN LIMINE* - 9

arguments that were not included in Aetna's motion. The Court will not consider those arguments because Compana was deprived of an opportunity to respond to them. Finally, most of the documents in the chart appear irrelevant because they relate to subsequent proceedings.[4] Accordingly, the Court did not consider the new arguments and charts in the Declaration.

**D.   Judicial Notice of USPTO Website.**

Aetna requests that the jury be instructed to take judicial notice of "the availability of the USPTO website that permits the searching of registered trademarks." Aetna's Motion at p. 3. Compana does not dispute that the website exists or permits searching of registered trademarks. Therefore, the Court will instruct the jury of that fact but will not instruct the jury to make adverse inferences based on it. Fed. R. Evid. 201(b), (d), (g).

**E.   Testimony Via Telephone or Affidavit.**

Aetna requests that the Court preclude Compana from offering testimony by its employee/sole owner and any other witnesses unless they appear in court to testify. Aetna seeks this remedy in part because, it alleges, Compana "refused to make its out-of-state witnesses available for deposition." Aetna's Motion at p. 4. However, as the Court noted in denying Aetna's motion to compel discovery, Compana's refusal to attend the depositions was not unreasonable in light of the fact that Aetna belatedly noted the depositions for New Years Day and after the discovery deadline. Furthermore, Aetna's request is premature as Compana has not sought permission to have witnesses testify by

---

[4] The charts list two prior decisions, the WIPO decisions regarding Trans Continental Records, Inc. and Lyons Partnership, L.P. Those decisions are excluded because they were not submitted to the Court, the offer of proof regarding those decisions was presented for the first time in the reply, and because the evidence appears cumulative.

ORDER REGARDING
MOTIONS *IN LIMINE* - 10

means other than live testimony.

Aetna seeks to introduce the declarations and affidavits "filed by Compana's victims" in other proceedings. Aetna's Motion at p. 3. The declarations and affidavits would be offered for the truth of the matter asserted therein and are hearsay. Aetna has not shown that the witnesses are unavailable, that the documents would be more probative than live testimony, or any other reason justifying their admission. Therefore, Aetna cannot introduce the declarations and affidavits in lieu of live testimony.

Finally, Aetna requests that if the Court excludes the declarations from witnesses involved in the other proceedings, then the Court allow those witnesses to testify in this trial via telephone. Fed. R. Civ. P. 43(a) states that testimony "shall be taken in open court," although courts may permit presentation of testimony by other means "for good cause shown in compelling circumstances and upon appropriate safeguards." Aetna has not provided any evidence of good cause. Accordingly, the Court denies the request to permit telephonic testimony.

**F.     Attorney Witness.**

In its initial disclosures, Aetna lists one of its attorneys, Regina Vogel Culbert, as a potential witness. Although Ms. Culbert is no longer with Lane Powell, she continues to represent Aetna in this matter. Local Rule 43(k) states, "If an attorney of any party be examined as a witness on behalf of a party he represents and give testimony on the merits, he shall not argue the merits of the cause, either to the court or jury, except by consent of the opposite party and the permission of the court." Washington Rule of Professional Conduct 3.7 also limits the circumstances under which an attorney may act as counsel and testify as a witness. Aetna is therefore ordered to show cause, within five days of the date of this order, regarding whether Ms. Culbert will represent Aetna at trial,

ORDER REGARDING
MOTIONS *IN LIMINE* - 11

1  and if so, why she should be permitted to do so despite the strictures of Local Rule 43
2  and Washington RPC 3.7.

**G.  Show Cause Order.**

Aetna seeks an order to show cause compelling Compana "to affirm whether it intends to appear at trial." Aetna's Motion at p. 4. Because Compana, in its memoranda, has affirmed its intention to appear, the issue is moot.

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Aetna's motion *in limine* (Dkt. #70) and GRANTS IN PART AND DENIES IN PART Compana's motion *in limine* (Dkt. #73).

DATED this 12th day of May, 2006.


/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER REGARDING
MOTIONS *IN LIMINE* - 12